The issue in this case is whether Alabama should recognize "negligent infliction of emotional distress" as a cause of action, and, if so, whether it should allow "bystander recovery" in regard to that cause of action. Specifically, should Alabama recognize a cause of action in tort for damages based on emotional distress suffered by a bystander as a result of negligence that causes an event or incident witnessed by the bystander?
On February 17, 1992, John Harris was driving an automobile owned by Gloria Gideon. Gideon's 3-year-old son was in the backseat of the car in a child safety seat. Gideon was driving another car, following Harris.
A train struck the automobile driven by Harris, throwing Gideon's son, Jamal, from the car to the pavement. Gideon saw the collision but was separated from Jamal by the moving train. Between the moving cars of the train, Gideon could see Jamal lying on the pavement. Several minutes later, the train stopped and Gideon went to Jamal. Jamal died shortly thereafter.
Gideon sued Norfolk Southern Corporation (the company that operated the train), and the train conductor (collectively referred to as "Norfolk Southern"), claiming damages under the theory of "bystander recovery"; she sought damages for emotional distress she says arose from seeing her child's death, which she alleged was negligently caused by Norfolk Southern. She also stated a wrongful death claim against Norfolk Southern.
The trial court entered a summary judgment for Norfolk Southern on the bystander recovery claim, and it made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. The wrongful death claim is still pending in the circuit court.
Gideon asks this Court to recognize "negligent infliction of emotional distress" as a cause of action and to allow bystanders to recover damages based on that cause of action. Gideon argues that Norfolk Southern owed a duty to her because, she says, she was "a foreseeable plaintiff with a protected interest," and Norfolk Southern, she says, acted negligently and thereby caused harm to her.
We note that this Court has previously refused to recognize negligent infliction of *Page 454 
emotional distress as actionable. See, Reserve National Ins.Co. v. Crowell, 614 So.2d 1005 (Ala. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993); Allen v. Walker,569 So.2d 350 (Ala. 1990). We again reject the argument that we should recognize a cause of action that would allow one to recover damages for emotional distress caused by another's mere neglect. Even if we did recognize such a cause of action, we would not extend it to bystanders.
Although we recognize the horrific nature of the incident alleged in this case, we must affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL, KENNEDY,* INGRAM and COOK, JJ., concur.
* Although Justice Kennedy did not attend oral argument, he has listened to the tapes of that argument.