785 So.2d 364 (2000)
E.P., a minor who sues by and through her parents and next friends, D.P. and S.P.
v.
Ron McFADDEN and South Baldwin Regional Medical Center.
2981128.
Court of Civil Appeals of Alabama.
March 24, 2000.
Rehearing Denied April 28, 2000.
*365 Frank Woodson of Turner, Onderdonk, Kimbrough & Howell, Mobile; and Thomas O. Bear, Foley, "of counsel," for appellant.
Richard W. Franklin of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, L.L.C., Mobile, for appellee Ron McFadden.
Edward C. Greene, D. Brent Baker, and W. Austin Mulherin III of Frazer, Greene, Upchurch & Baker, L.L.C., Mobile, for appellee South Baldwin Medical Center.
PER CURIAM.
S.P. and D.P., individually and on behalf of E.P., their six-year-old daughter, sued South Baldwin Hospital and Ron McFadden, a registered nurse employed at the hospital, for damages based on alleged sexual misconduct by McFadden. Following discovery, the trial court entered a summary judgment in favor of the hospital on all of E.P.'s claims and a partial summary judgment in favor of McFadden on the parents' individual claim alleging negligent infliction of emotional distress. The trial court certified the summary judgments as final, pursuant to Rule 54(b), Ala. R. Civ. P. The plaintiffs appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. E.P.'s claims against McFadden are still pending in the circuit court.
E.P. contends that the trial court erred in entering the summary judgment in favor of the hospital on the claims of assault and battery, negligent supervision, and breach of its duty to a business invitee. Specifically, she says, the hospital had notice of McFadden's propensity for aberrant behavior, and that because of this knowledge it had a duty to protect E.P. from McFadden's harmful actions.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; *366 Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that no material fact is in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party's favor. Id.
Rule 56 is read in conjunction with the "substantial-evidence rule," § 12-21-12, Ala.Code 1975. See Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
On March 1, 1997, E.P.'s baby sister was a patient at the hospital. The evidence, viewed in the light most favorable to the plaintiffs, indicates that McFadden lifted E.P. into her sister's crib and then unzipped her pants and touched her between her legs. Although E.P.'s two brothers, her mother and father, and a housekeeper were in the hospital room during the alleged incident, the only witness to the incident was E.P.'s 10-year-old brother.
S.P., the mother, testified that she saw McFadden cuddling E.P. and kissing her cheek. S.P. said that because she questioned the propriety of McFadden's behavior she walked across the room to check on E.P. She said when she walked around the crib she realized that E.P.'s pants were unzipped; and she said she began to scream at McFadden, who, she said, immediately left the room.
The evidence shows that before he began working at the hospital, McFadden had been diagnosed with manic depression. McFadden had included a statement of that diagnosis on his application for employment at the hospital, which hired him as a nurse in August 1989. McFadden was under a psychiatrist's care throughout his employment with the hospital.
In December 1994, McFadden took a medical leave of absence from the hospital and was committed to another hospital for treatment of his medical condition. Before allowing McFadden to return to work, South Baldwin Hospital required him to get a release from his treating psychiatrist. Pursuant to the recommendation of the psychiatrist, the hospital's administrative personnel began monitoring McFadden's behavior and maintaining contact with his treating psychiatrist.
According to the record, McFadden's coworkers regarded him as a highly competent nurse; however, he would become irritated with his coworkers and argue with them. He also became argumentative with patients. For example, the evidence shows that in February 1997, just days before the alleged assault on E.P., McFadden had raged against a patient, telling her he would give her her medicine when he saw fit, not when the doctor saw fit. The patient reported that she was frightened by McFadden.
McFadden's personnel file, which was admitted into evidence, is filled with reprimands for inappropriate behavior. McFadden was several times suspended from work or put on probation for behavioral problems with patients and coworkers.
Keeping in mind that we must view the evidence in the light most favorable to the nonmovant, and that all reasonable inferences are to be drawn in that party's favor, Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994), we conclude that E.P. presented substantial evidence creating a genuine issue of material fact as to *367 whether McFadden's assault on her was foreseeable and whether the hospital had a duty to protect her from him. Therefore, the trial court erred in entering the summary judgment for the hospital on E.P.'s claims.
S.P. and D.P. also claim that the trial court erred in dismissing their individual claim against McFadden alleging negligent infliction of emotional distress. They seek to recover damages under a "bystander" theory of recovery, contending they suffered emotional injury when they saw E.P.'s unzipped pants immediately after the alleged abuse occurred.
The record contains no evidence to demonstrate that McFadden intended to injure S.P. and D.P. by any actions he took with respect to their daughter E.P. Alabama law does not recognize a cause of action for negligent infliction of emotional distress. Gideon v. Norfolk Southern Corp., 633 So.2d 453 (Ala.1994). The Gideon court further stated that even if negligent infliction of emotional distress was actionable, the right to recover would not extend to bystanders. Id. at 454. Therefore, the trial court properly entered a summary judgment in favor of McFadden on S.P. and D.P.'s claim alleging negligent infliction of emotional distress.
That portion of the summary judgment entered for McFadden on S.P. and D.P.'s claim alleging negligent infliction of emotional distress is affirmed. That portion of the summary judgment entered in favor of the hospital on E.P.'s claims alleging assault and battery, negligent supervision, and breach of its duty to a business invitee is reversed, and the cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMSPON, JJ., concur in part and dissent in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I would affirm the summary judgment in all respects; therefore, I must respectfully dissent from that portion of the opinion reversing the summary judgment for the hospital on E.P.'s claims of assault and battery, negligent supervision, and breach of duty to a business invitee. I agree that McFadden's personnel file documents a history of problems at work; however, almost all of these problems involved disagreements with coworkers. McFadden's file also indicates that he is a competent nurse dedicated to superior patient care. Days before the molestation incident, McFadden did have a disagreement with an elderly patient. Allegedly, McFadden told her that she would get her medicine "when he saw fit." When McFadden learned that the patient reported the incident, he allegedly returned to her room and threatened her. During the hospital's investigation of that incident, McFadden allegedly molested the child in this case.
The opinion concludes that McFadden's "history" made his alleged sexual molestation of E.P. foreseeable and, therefore, that the hospital can be held liable for his actions. I disagree. According to our supreme court, to impose liability on the hospital E.P. would have to establish (1) that "the particular criminal conduct [was] foreseeable;" (2) that "the defendant ... possessed `specialized knowledge' of the criminal activity;" and (3) that "the criminal conduct [was] a probability." Carroll v. Shoney's, Inc., 775 So.2d 753 (Ala.2000) (emphasis added). In any case in which a defendant faces liability for the criminal actions of a third party, the focus is on *368 whether the criminal activity was foreseeable. Notably, the supreme court has held that the particular criminal activity, not just any criminal activity, must be foreseeable. Carroll, 775 So.2d at 756; see also Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1373 n. 1 (Ala.1986) (stating that evidence that one murder and one robbery of a guest in a hotel room in the 18 months preceding the homicide of Ms. Moye "would be insufficient as a matter of law to give rise to a duty to protect Ms. Moye"), and Henley v. Pizitz Realty Co., 456 So.2d 272, 273, 277 (Ala.1984) (holding that prior criminal acts on the premises, including "one battery upon the owner of a car; six breakings and enterings of cars; two robberies; ... six thefts; and one theft in which the thief was shot by a customer," were not sufficient to make the rape of Henley foreseeable).
Nothing in McFadden's history indicated that he would molest a child. Therefore, I conclude that the molestation of E.P. was not foreseeable. I would affirm the summary judgment for the hospital in its entirety.
THOMPSON, Judge, concurring in part and dissenting in part.
Although this case presents extremely emotional issues, I conclude that the evidence E.P. presented was insufficient to overcome South Baldwin Hospital's properly supported motion for summary judgment. I would have affirmed the judgment of the trial court in its entirety.