HOUSTON, Justice.
D.P. and S.P., individually and on behalf of E.P., their six-year-old daughter, sued South Baldwin Regional Medical Center and Ron McFadden, a registered nurse employed at the hospital, for damages based on allegations that McFadden had sexually molested E.P. The trial court entered a summary judgment for the hospital on all of E.P.’s claims (based on allegations of assault and battery, negligent supervision, and breach of duty to a business invitee) and a partial summary judgment for McFadden on the parents’ individual claims alleging negligent infliction of emotional distress. The trial court certified the summary judgments as final, pursuant to Rule 54(b), Ala.R.Civ.P.
The plaintiffs appealed to this Court, which transferred the case to the Court of Civil Appeals, pursuant to Ala.Code 1975, § 12-2-7(6). The Court of Civil Appeals, in a split decision, reversed the summary judgment on E.P.’s claims and remanded the case for further proceedings. For a complete discussion of the facts, see E.P. v. McFadden, 785 So.2d 364 (Ala.Civ.App.2000) (Yates and Monroe, JJ., concurring; Robertson, P.J., concurring in the result; Crawley and Thompson, JJ., concurring in part and dissenting in part). The Court of Civil Appeals unanimously affirmed the partial summary judgment on the parents’ negligent-infliction-of-emotional-distress claim. That claim is not before this Court. E.P.’s claims against McFadden remain pending in the trial court.
We granted the hospital’s petition for certiorari review to consider whether the holding of the Court of Civil Appeals conflicts with this Court’s recent decision in Carroll v. Shoney’s, Inc., 775 So.2d 753 (Ala.2000). We conclude that it does; therefore, we reverse the judgment of the Court of Civil Appeals insofar as it relates to E.P.’s claims.
The sole issue presented to this Court is whether the Court of Civil Appeals erred in reversing the summary judgment for the hospital on E.P.’s claims of assault and battery, negligent supervision, and breach of duty to a business invitee.
Judge Thompson correctly noted in his special writing that “this ease presents extremely emotional issues,” 785 So.2d at 368. However, as both Judge Thompson *370 and Judge Crawley recognized, the law in Alabama, as most recently restated in Carroll v. Shoney’s, supra, is well established. Judge Crawley, in his special writing, summarized the pertinent law and the relevant facts, as follows:
“I would affirm the summary judgment in all respects; therefore, I must respectfully dissent from that portion of the opinion reversing the summary judgment for the hospital on E.P.’s claims of assault and battery, negligent supervision, and breach of duty to a business invitee. I agree that McFadden’s personnel file documents a history of problems at work; however, almost all of these problems involved disagreements with coworkers. McFadden’s file also indicates that he is a competent nurse dedicated to superior patient care. Days before the molestation incident, McFadden did have a disagreement with an elderly patient. Allegedly, McFadden told her that she would get her medicine ‘when he saw fit.’ When McFadden learned that the patient reported the incident, he allegedly returned to her room and threatened her. During the hospital’s investigation of that incident, McFadden allegedly molested the child in this case.
“The opinion concludes that McFadden’s ‘history’ made his alleged sexual molestation of E.P. foreseeable and, therefore, that the hospital can be held hable for his actions. I disagree. According to our supreme court, to impose liability on the hospital E.P. would have to establish (1) that the ‘particular criminal conduct [was] foreseeable;’ (2) that ‘the defendant ... possessed “specialized knowledge” of the criminal activity;’ and (3) that ‘the criminal conduct [was] a probability.’ Carroll v. Shoney’s, Inc., 775 So.2d 753 (Ala.2000) (emphasis added). In any case in which a defendant faces liability for the criminal actions of a third party, the focus is on whether the criminal activity was foreseeable. Notably, the supreme court has held that the particular criminal activity, not just any criminal activity, must be foreseeable. Carroll, 775 So.2d at 756; see also Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1373 n. 1 (Ala.1986) (stating that evidence that one murder and one robbery of a guest in a hotel room in the 18 months preceding the homicide of Ms. Moye ‘would be insufficient as a matter of law to give rise to a duty to protect Ms. Moye’), and Henley v. Pizitz Realty Co., 456 So.2d 272, 273, 277 (Ala.1984) (holding that prior criminal acts on the premises, including ‘one battery upon the owner of a car; six breakings and enterings of cars; two robberies; ... six thefts; and one theft in which the thief was shot by a customer,’ were not sufficient to make the rape of Henley foreseeable).
“Nothing in McFadden’s history indicated that he would molest a child. Therefore, I conclude that the molestation of E.P. was not foreseeable. I would affirm the summary judgment for the hospital in its entirety.”
785 So.2d at 367-68.
We agree with Judge Crawley and Judge Thompson that the Court of Civil Appeals should have affirmed the summary judgment for the hospital, on the authority of Carroll v. Shoney’s, supra, and the cases cited therein. See Ala.Code 1975, § 12-3-16 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328.”). The main opinion of the Court of Civil Appeals does not cite Carroll v. Shoney’s. In fact, it cites no *371 case dealing with the substantive law applicable to the merits of E.P.’s claims against the hospital.
The record clearly indicates that McFadden had a history of mental illness (manic depression) and that he had functioned for years as a nurse because of the hospital’s willingness to allow him to work while he was receiving treatment. The evidence indicates that although he generally did a good job, McFadden had a history of emotional outbursts with fellow employees and with at least one patient. No evidence indicates that McFadden had ever engaged in sexual misconduct before the incident made the basis of this action.
Did hospital administrators exercise sound judgment in allowing McFadden to work at the hospital in direct contact with patients? The answer to that question is debatable. However, the evidence, even viewed in the light most favorable to E.P., as our standard of review requires us to view it, falls woefully short of demonstrating that McFadden’s supervisors should have foreseen that he would probably sexually molest a child in the hospital’s care. See Ex parte McRae’s of Alabama, Inc., 708 So.2d 351, 352 (Ala.1997), wherein this Court, after citing numerous cases, stated: “The plaintiffs’ evidence falls far short of the high standard a plaintiff must meet to hold a defendant liable for the criminal acts of a third party.”
We also note that this case does not fall within the rule stated in Young v. Huntsville Hospital, 595 So.2d 1386 (Ala.1992), wherein this Court held that a special relationship had been created that imposed a unique duty on the defendant hospital because the hospital had anesthetized the plaintiff and placed her in a situation that we later described as making her “uniquely dependent upon the hospital for protection.” Saccuzzo v. Krystal Co., 646 So.2d 595, 597 (Ala.1994). The evidence in this present case indicates that the incident giving rise to E.P.’s claims occurred in one of the hospital’s patient-care rooms and in the presence of E.P.’s two brothers, her mother and father, and a housekeeper. The record gives no indication that at the time of this incident E.P. was “uniquely dependent upon the hospital for protection,” as was the helpless patient in Young. See also Baptist Mem’l Hosp. v. Gosa, 686 So.2d 1147 (Ala.1996).
The judgment of the Court of Civil Appeals is reversed, and the case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.